

500 Fifth Avenue, 40th Floor  New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

January 26, 2023

By CM/ECF

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

>   Re:  United States v. Mendlowitz, Docket No. 21-2049
>   (heard on January 5, 2023 before Hons. Kearse, Pooler, and Menashi (C.J.s))

Dear Ms. Wolfe,

Pursuant to Rule 28(j), Defendant-Appellant Michael Mendlowitz respectfully submits that *United States v. Nieves*, No. 21-1901-cr (2d Cir. Jan. 26, 2023), which vacated a conviction because the district court failed to adequately screen prospective jurors for a material bias, requires vacatur here too.

*Nieves* reaffirmed that district courts' discretion in conducting voir dire "is not boundless." (Slip.Op. 19). In *Nieves*, just as here, there was a substantial risk that the jury might harbor a "systematic or pervasive bias" against the defendants—there, based on gang affiliation. (*Id*. at 22). Drawing on the parties' arguments, contemporaneous news coverage, and common sense, this Court recognized the possibility of "pervasive" bias in the community against gang members. (*Id*. at 22-27 & nn.2-5). And it held that where the facts of the case are "likely" to risk inflaming that bias, district courts *must* take steps to protect against that risk. (*Id*. at 31.) This reasoning clearly applies to Mendlowitz's case, where the jury was selected from a community with a rising tide of anti-Semitic prejudice—something the government has never denied—and the case posed a substantial risk of inflaming such biases. (*See* Br.28-30).

The *Nieves* Court held that although district courts have a range of options to address that risk, "generic questions and vague warnings" are insufficient. (Slip.Op.40). It held that a district court is required to "permit at least *some* questioning" that is specific enough, and provides enough context, to ferret out such biases. (*Id*. at 32 (emphasis in original); *see also id.* at 46). The Court deemed the district court's failure to do so especially egregious because one prospective juror volunteered his own discomfort about gangs. (*Id.* at 39-40). In this case, too, the court refused to inquire about religious prejudices in any comprehensible way even after one juror expressed disqualifying views about Mendlowitz's religion during a sidebar. *Nieves*'s

Page 2

Catherine O'Hagan Wolfe
January 26, 2023

rejection of the district court's view that it would be "improper" to describe sensitive aspects of a case (*id.* at 42-43, 46), also refutes the government's contention here that inquiring about anti-Semitic bias would somehow "promot[e]" such bias (G.Br.20).

                                                       Respectfully submitted

                                                       /s/ Alexandra A.E. Shapiro

                                                       Alexandra A.E. Shapiro

                                                       *Counsel for Appellant Michael Mendlowitz*

cc: all counsel of record, via CM/ECF